IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARLAND MILLER,                    :
                                   :      4:09-cv-2200
          Plaintiff,               :
                                   :      Hon. John E. Jones III
          v.                       :
                                   :      Hon. J. Andrew Smyser
WARDEN JERRY MARTINEZ,             :
*et al.,*                          :
          Defendants.              :

## MEMORANDUM

### March 24, 2011

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 91), filed on March 4, 2011, which recommends that we grant Defendant David Ball's ("Defendant" or "Dr. Ball") motion to dismiss or for summary judgment. (Doc. 75). Plaintiff Garland Miller ("Plaintiff" or "Miller") filed objections to the R&R (Doc. 95) on March 21, 2011. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant the moving Dr. Ball's motion to dismiss, and close this case.

## I.      PROCEDURAL AND FACTUAL BACKGROUND

The facts and background of this case are familiar to the parties and the Court, thus we shall only recite the facts salient to Defendant's instant motion. Plaintiff, a prisoner confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg") from December 2008 to April 2009 and confined at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") from April 2009 to the present filed, *pro se*, this 42 U.S.C. § 1983and *Bivens*[1] action on November 10, 2009.  (Doc. 1).  Plaintiff is a medical doctor who practiced medicine in private practice in Louisiana for 24 years prior to his federal incarceration on a tax evasion conviction.

Plaintiff alleges that he has both resolved and unresolved health conditions including posterior tibial tendonitis, hyperlipidemia, hypertriglyceridemia, hypertension, benign prostate hypertrophy, rectal bleeding, gastritis, anxiety and depression while in administrative segregation, and torn meniscus of the left knee. Prior to incarceration, Plaintiff had previously taken prescribed Celebrex for pain. Since his incarceration, Plaintiff has not received Celebrex, even though he requested the medication for knee pain.

The particular allegations lodged by Plaintiff against Dr. Ball are as follows:

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

>Dr. Ball, a medical doctor and orthopedic surgeon, under contract or working for the BOP told [the Plaintiff] that he thinks that [the Plaintiff] had torn his medial meniscus in his left knee when [he] fell getting down from the top bunk, but said that while Celebrex was a good medicine, it was not on the BOP forumlary, and that he could not give him this drug.  Instead, he gave [the Plaintiff] a cortisone injection in his knee in order to relieve pain, swelling and inflammation.  This injection posed a risk of infection.

(Doc. 1, p. 10).  These are the extent of the allegations against Dr. Ball in the Plaintiff's complaint.

On June 1, 2010, the moving Defendants filed a motion to dismiss and for summary judgment.  (Doc. 30).  After full briefing, Magistrate Judge Smyser issued the instant R&R, which is the subject of our present review.

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as "documents that are attached to or submitted with the

complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . ." *Victaulic Co. v. Tieman*, 499 F.3d 227, 235 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Accordingly, to satisfy the plausibility standard, the complaint must indicate that defendant's liability is more than "a sheer possibility." *Iqbal*, 129 S.Ct. At 1949. "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later formalized in *Iqbal*, a district court must first identify all factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1950. Next, the district court must identify "the 'nub' of the . . . complaint – the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id.*

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 127 S.Ct. 1964-65, 1969 n.8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

**B.**     **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III.   DISCUSSION

Magistrate Judge Smyser recommends that Dr. Ball's motion to dismiss be granted and that the Clerk be directed to close the case.  In the main, Plaintiff's objections center around his interpretation that the R&R recommends that summary judgment be granted in favor of Defendant Ball.  To that end, Plaintiff argues that he should be given an opportunity to take full discovery concerning his claim against Dr. Ball prior to a disposition of the summary judgment motion.  However, this argument is inapt since Magistrate Judge Smyser recommendation is for the complaint to be dismissed because the allegations against Dr. Ball fail to

state a claim against him under the ambit of F.R.C.P. 12(b)(6).  Thus, we shall construe Plaintiff's objections to be a general objection to the dismissal of the sole remaining claim in this action.  We now turn to an analysis of that claim.

As noted above, the gravamen of Plaintiff's allegation against Dr. Ball is that he violated Plaintiff's rights under the Eighth Amendment to the United States Constitution by displaying "deliberate indifference" to his medical needs by failing to prescribe him Celebrex, even though it is not on the BOP formulary.   However, Plaintiff faces an exacting burden in advancing this Eighth Amendment claim against a prison official in his individual capacities. To sustain such a claim, Plaintiff must:

> [M]eet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotation marks and citations omitted). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* "Deliberate indifference" is a subjective standard under *Farmer*-the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety.

*Beers-Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001).

These principles apply with particular force to Eighth Amendment claims premised upon inadequate medical care. In the medical context, a constitutional violation under the Eighth Amendment occurs only when officials are deliberately

indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a violation of his constitutional right to adequate medical care in a prison setting, Plaintiff is required to point to evidence that demonstrates both (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or by "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

However, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. *Estelle*, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer*, 991

F.2d at 67 (citations omitted). Furthermore, in a prison medical context, deliberate indifference is generally not found when some significant level of medical care has been offered to the inmate. *Clark v. Doe*, 2000 U.S. Dist. LEXIS 14999, 2000 WL 1522855, at *2 (E.D.Pa. Oct. 13, 2000)("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Thus, such complaints fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference. *See e.g. Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir.1990) ('[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.')". *Gindraw v. Dendler,* 967 F.Supp. 833, 836 (E.D. Pa. 1997). Applying this exacting standard, courts have frequently rejected Eighth Amendment claims that are based upon the level of professional care that an inmate received; *see, e.g., Ham v. Greer*, 269 F. App'x 149 (3d Cir. 2008); *James v. Dep't of Corrections*, 230 F. App'x 195 (3d. Cir. 2007); *Gillespie v. Hogan,* 182 F. App'x 103 (3d Cir. 2006); *Bronson v. White*, No. 05-2150, 2007 WL 3033865 (M.D. Pa. Oct. 15, 2007); *Gindraw v. Dendler*, 967 F.Supp. 833 (E.D. Pa. 1997), particularly where it can be shown that significant medical services were provided to the inmate but the prisoner is dissatisfied with the outcome of these services. Instead, courts have defined the precise burden which

an inmate must sustain in order to advance an Eighth Amendment claim against a

healthcare professional premised on allegedly inadequate care, stating that:

> The district court [may] properly dis[miss an] Eighth Amendment
> claim, as it concerned [a care giver], because [the] allegations merely
> amounted to a disagreement over the proper course of his treatment
> and thus failed to allege a reckless disregard with respect to his . . .
> care. The standard for cruel and unusual punishment under the Eighth
> Amendment, established by the Supreme Court in *Estelle v. Gamble,*
> 429 U.S. 97, 104 (1976), and its progeny, has two prongs: 1)
> deliberate indifference by prison officials and 2) serious medical
> needs. "It is well-settled that claims of negligence or medical
> malpractice, without some more culpable state of mind, do not
> constitute 'deliberate indifference.' "  "Nor does mere disagreement as
> to the proper medical treatment support a claim of an eighth
> amendment violation." . . . . [The inmate] alleged no undue delay in
> receiving treatment and, as the district court noted, the evidence he
> presented established that he received timely care . . . . Although [an
> inmate plaintiff] may have preferred a different course of treatment,
> [t]his preference alone cannot establish deliberate indifference as such
> second-guessing is not the province of the courts.

*James*, 230 F.App'x. at 197-198 (citations omitted).

In short, in the context of the Eighth Amendment, any attempt to second-

guess the propriety or adequacy of a particular course of treatment is disavowed by

courts since such determinations remain a question of sound professional medical

judgment. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.

1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

10

As we have stated in the context of this case before, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim. *See Taylor v. Norris,* 36 Fed. Appx. 228, 229 (8th Cir.2002) (deliberate indifference claim failed when it boiled down to a disagreement over recommended treatment for hernias and decision not to schedule a doctor's appointment); *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1024-35 (7th Cir.1996) (inmate's disagreement with selection of medicine and therapy for sickle cell anemia falls well short of demonstrating deliberate indifference); *Sherrer v. Stephen,* 50 F.3d 496, 497 (8th Cir.1994) (inmate's "desire for a replacement joint instead of fusion surgery is merely a disagreement with the course of medical treatment and does not state a constitutional claim"); *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir.1994) (prison provided escalating level of treatment for inmates's ailments over time, and inmate's disagreement with course of medical treatment was insufficient basis for Eighth Amendment violation); *Czajka v. Caspari,* 995 F.2d 870, 871 (8th Cir.1993) (inmate's mere disagreement with doctor's informed decision to delay surgery does not establish Eighth Amendment claim); *Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir.1990) (inmate failed to prove deliberate indifference where his complaints represented nothing more than mere disagreement with course of his medical treatment); *Lair*

11

*v. Oglesby,* 859 F.2d 605, 606 (8th Cir.1988) (disagreement about whether doctor

should have prescribed medication does not result in constitutional violation);

*Martin v. Sargent,* 780 F.2d 1334, 1339 (8th Cir.1985) (Inmate failed to state facts

indicating doctor deliberately disregarded his medical problem; inmate's

disagreement as to proper medical treatment does not give rise to Eighth

Amendment violation). Therefore, where a dispute in essence entails no more than

a disagreement between an inmate and doctors over alternate treatment plans, the

inmate's complaint will fail as constitutional claims under § 1983 since "the

exercise by a doctor of his professional judgment is never deliberate indifference."

*Gindraw v. Dendler*, 967 F.Supp. 833, 836 (E.D. Pa. 1997)(citations omitted).

    In this case, judged against these exacting standards, it is evident that

Plaintiff has not met the legal and factual threshold necessary to sustain an Eighth

Amendment claim of deliberate indifference to his serious medical needs. Precisely

what we have before us is an inmate who has his own opinion, as a medical doctor

himself, concerning a medication that he was not prescribed during his

incarceration. Notwithstanding this difference of opinion, the failure of Dr. Ball to

prescribe Celebrex to Plaintiff simply does not rise to the level of an Eighth

Amendment deliberate indifference claim. To be sure, Plaintiff's disagreement

with the course of medical treatment chosen for him does not amount to a § 1983

claim. Moreover, even if Plaintiff's medical need can be considered serious, although we do not find his general allegations of knee pain to rise to the level required of such a claim, Dr. Ball did make efforts alleviate Plaintiff's knee pain by providing him with a cortisone injection.  Thus, Plaintiff has not articulated any facts that support an Eighth Amendment deliberate indifference claim against Dr. Ball.

## V.    CONCLUSION

Thus, for all of the above reasons, we shall overrule the Plaintiff's objections and adopt the Magistrate Judge's recommendation that Dr. Ball's motion to dismiss be granted with respect to the Eighth Amendment claim.  An appropriate Order shall issue.